## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IFC CREDIT CORPORATION, an Illinois corporation | ) ) ) | |
| Plaintiff, | ) | Case No.  07-CV-6627 |
| v. | ) ) | |
| MANUFACTURER'S LEASE PLANS, INC. | ) ) ) | |
| Defendant. | ) | |

### IFC CREDIT CORPORATION'S ANSWER TO MANUFACTURER'S
### LEASE PLANS, INC.'S AFFIRMATIVE DEFENSES AND COUNTERCLAIM

NOW COMES IFC Credit Corporation (hereinafter "IFC"), by and through Beth Anne Alcantar, one of its attorneys, and answers the Affirmative Defenses and Counterclaim of Manufacturer's Lease Plans, Inc. (hereinafter "MLPI") as follows:

Paragraphs 1 through 9 were MLPI's Answer and IFC does not respond to them.

### Answer to Affirmative Defenses

IFC answers the asserted defenses as follows:

20.    IFC denies the allegations contained in this paragraph.

21.    IFC denies the allegations contained in this paragraph.

22.    Deny that IFC has conducted itself inequitably and deny any alleged inequitable conduct bars the granting of relief to IFC and deny all other allegations contained in this paragraph.

23.    Deny IFC breached its contract and deny alleged breach excuses MLPI from its contractual obligations and deny all other allegations contained in this paragraph.

24.    Admit MLPI alleges it has suffered damage. Deny MLPI has suffered damage. Deny alleged damage entitles MLPI to offset and deny all other allegations contained in this paragraph.

25.    Deny MLPI relied to its detriment. Deny that any alleged reliance bars any causes of action asserted by IFC and deny all other allegations contained in this paragraph.

26.    Deny IFC engaged in conduct constituting a waiver. Deny alleged waiver excuses MLPI from its obligations and deny all other allegations contained in this paragraph.

27.    Deny IFC has failed to mitigate as required by law. Deny alleged failure to mitigate bars recovery by IFC and deny all other allegations contained in this paragraph.

28.    IFC denies the allegations contained in this paragraph.

29.    IFC denies the allegations contained in this paragraph.

30.    IFC denies the allegations contained in this paragraph.

31.    Deny that IFC breached any fiduciary duty and deny that any alleged breach absolves MLPI of liability and deny all other allegations contained in this paragraph.

## Answer to Counterclaim

### Answer to Count I
### Breach of Fiduciary Duty

1.    ANSWER: IFC neither admits nor denies but demands strict proof of allegations contained in this paragraph.

2.    ANSWER: IFC admits the document is attached and for the remaining allegations contained in the paragraph states that the document speaks for itself.

3.    ANSWER: IFC admits the allegations contained in the paragraph.

4.    ANSWER: The document speaks for itself and therefore IFC neither admits nor denies the allegations as an answer is not required.

5.    ANSWER: IFC admits that leases administered by it included Centrix leases and neither admits nor denies the remainder of allegations contained in this paragraph.

6.    ANSWER: Government regulations are what they are and IFC neither admits nor denies but demands strict proof of same. IFC denies it had a duty to inform MLPI of change in law and denies remaining allegations contained in this paragraph.

7.    ANSWER: Due to the vagueness of this allegation, IFC neither admits nor denies the allegation contained in this paragraph as it can not understand it.

8.    ANSWER: This paragraph contains legal conclusions, which do not require an answer.

9.    ANSWER: IFC admits the allegations contained in this paragraph.

10.    ANSWER: IFC neither admits nor denies but demands strict proof of the allegations contained in this paragraph.

11.    ANSWER: IFC admits the allegations contained in this paragraph.

12.    ANSWER: Neither admits nor denies but demands strict proof of the allegations contained in this paragraph.

13.    ANSWER: IFC has no knowledge of payments made by Centrix to MLPI and demands strict proof of the allegations contained in this paragraph.

14.    ANSWER: IFC admits notification. IFC denies it breached the Agreement and remaining allegations contained in this paragraph.

15.    ANSWER: IFC denies the allegations contained in this paragraph.

## Answer to Count II
## Interference with Business Relations

16.    ANSWER: IFC restates and incorporates its answers to each of the allegations contained in the foregoing paragraphs 1 through 9 of this Counterclaim, inclusive, as if fully set forth herein. IFC further states that it restates and incorporates its answers to each of the allegations contained in the foregoing paragraphs 10 through 15 of this Counterclaim, inclusive, as if fully set forth herein.

17.    ANSWER: IFC denies the allegations contained in this paragraph.

18.    ANSWER: Due to the vagueness of these allegations, IFC neither admits nor denies the allegations contained in this paragraph but demands strict proof thereof.

19.    ANSWER: IFC admits the allegations contained in this paragraph.

20.    ANSWER: IFC admits the allegations contained in this paragraph.

21.    ANSWER: IFC admits that IFC believed that the residual value of the equipment on lease to Royster Clark was significantly greater than the end-of-lease purchase options held by them. IFC does not have ready calculations regarding the aggregate sum of the remaining rentals owed by Royster Clark. IFC denies the

remaining allegations contained in this paragraph.

22.    ANSWER: On information and belief, IFC admits in approximately March 2006, Royster Clark was acquired by and merged into Agrium, a multi-billion dollar manufacturer and producer of agri-business products. IFC denies that in approximately October 2006, IFC learned of this and determined that it would be to IFC's financial benefit to declare Royster Clark to be in default of all twelve (12) of the lease contracts owned by MLPI and to have the end-of-lease options voided by reason of these claimed defaults. IFC denies that IFC, acting without knowledge, consent, or authority of MLPI , used the Royster Clark/Agrium merger as a pretext for declaring Royster Clark to be in breach of all twelve (12) of the lease contracts owned by MLPI and IFC denies the remainder of allegations contained in this paragraph.

23.    ANSWER: IFC denies that the merger did not put Royster Clark in default. IFC admits that throughout the approximately seven (7) months intervening between the Royster Clark/Agrium merger in March 2006, and the actions by IFC in October 2006, Royster Clark was consistently punctual in the payment of its monthly rent. IFC denies that Royster Clark was not in any way in breach or default of its contractual obligations under the leases owned by MLPI.

24.    ANSWER: IFC denies the allegations contained in this paragraph.

25.    ANSWER: IFC denies the allegations contained in this paragraph.

26.    ANSWER: IFC denies the allegations contained in this paragraph.

27.    ANSWER: IFC denies the allegations contained in this paragraph.

## **Answer to Count Three**

## **Breach of Contract**

28.    ANSWER: IFC restates and incorporated by reference its answers to each of the allegations contained in the foregoing paragraphs 1 through 27 of this Counterclaim, inclusive, as if fully set forth herein.

29.    ANSWER: This paragraph contains legal conclusions, which do not require an answer.

30.    ANSWER: This paragraph contains legal conclusions, which do not require an

answer.

31.    ANSWER: This paragraph contains legal conclusions, which do not require an answer.

32.    ANSWER: IFC denies the allegations contained in this paragraph.

Wherefore, Plaintiff, IFC, prays for entry of an order in favor of Plaintiff and against Defendant, MLPI, as prayed for in its Complaint; and for such further legal and equitable relief as this Honorable Court may deem just and appropriate.

Respectfully submitted,

IFC CREDIT CORPORATION

By:___/s/ Beth Anne Alcantar___

Beth Anne Alcantar, ILARDC #06226582
Attorney for Plaintiff, IFC Credit Corporation
8700 Waukegan Road, Suite 100
Morton Grove, IL 60053
(847) 663-6700

## VERIFICATION

Under penalties as provided by law pursuant to Federal Rules of Civil Procedure, the undersigned, Patrick Witowski, of IFC Credit Corporation, certifies that the statements set forth in the foregoing instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that the undersigned verily believes them to be true.

_____
Patrick Witowski