**SCHEDULE A**
**DATED AS OF March 31, 2004**
**TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT**
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224723-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $88,727.28 |
| ADVANCE RENTALS, IF ANY: | $1,666.00 (1st & last)   Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00   Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $1,666.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $15,747.10 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | 2004 International Truck |
| EQUIPMENT LOCATION: | Belgrade, NC (as better described on the Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:   ___FMV  ___$1.00 Purchase Option  __X__Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
|---|---|
| /s/ Authorized Signature | /s/ Susan Yates  Authorized Signature |
| Kimberly S. Smith  By (Typed or Printed Name) | Susan M. Yates  By (Typed or Printed Name)  Director of Contract Admin. |
| Chief Financial Officer  Its (Title) | Its (Title)   (Rev 04-1-04) |



EXHIBIT A

SCHEDULE A
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

ORIGINAL

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224724-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $15,021.16 |
| ADVANCE RENTALS, IF ANY: | $282.00 (1st & last)   Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00   Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $282.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $2,669.34 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | New Fertilizer Spreader |
| EQUIPMENT LOCATION: | Dothan, AL (as better described on the Acceptance Certificate) |
| PURCHASE OPTION WITH RESPECT TO EQUIPMENT: | ___FMV  ___$1.00 Purchase Option  __X__Other (describe below) |

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
|---|---|
| _____ | _____ |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) Director of Contract Admin. |
| Chief Financial Officer | _____ |
| Its (Title) | Its (Title)   (Rev 04-1-04) |

SCHEDULE A
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

ORIGINAL

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224727-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $63,586.72 |
| ADVANCE RENTALS, IF ANY: | $1,194.00 (1st & last)    Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00    Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $1,194.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $11,281.20 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | 10 Ton Blender System, 4500 Diesel |
| EQUIPMENT LOCATION: | Union City, TN (as better described on the Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:    ___FMV    ___$1.00 Purchase Option    _X__Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
|---|---|
| _____ | _____ |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) Director of Contract Admin. |
| Chief Financial Officer | |
| Its (Title) | Its (Title)    (Rev 04-1-04) |

**SCHEDULE A**
**DATED AS OF March 31, 2004**
**TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT**
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

*ORIGINAL*

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224729-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $25,082.09 |
| ADVANCE RENTALS, IF ANY: | $471.00 (1st & last)    Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00    Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $471.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $4,448.39 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | 10 Ton Blender System |
| EQUIPMENT LOCATION: | Paris, IL (as better described on the attached Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:    ___FMV  ___$1.00 Purchase Option  __X__Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| | |
|---|---|
| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
| _[signature]_ | _[signature]_ |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) Director of Contract Admin. |
| Chief Financial Officer | |
| Its (Title) | Its (Title)    (Rev 04-1-04) |

<u>SCHEDULE A</u>
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224730-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $68,171.32 |
| ADVANCE RENTALS, IF ANY: | $1,280.00 (1st & last)   Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00   Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $1,280.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $12,100.94 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | (2) New Leaders (1) 11 Row Applicator |
| EQUIPMENT LOCATION: | Eaton, OH, - Washington, C.H., OH – Polk, OH (as better described on the Acceptance Certificate) |
| PURCHASE OPTION WITH RESPECT TO EQUIPMENT: | ___FMV ___$1.00 Purchase Option __X__Other (describe below) |

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
|---|---|
| _[signature]_ | _[signature]_ |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) |
| Chief Financial Officer | Director of Contract Admin. |
| Its (Title) | Its (Title)     (Rev 04-1-04) |

SCHEDULE A
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

ORIGINAL

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224735-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $149,601.66 |
| ADVANCE RENTALS, IF ANY: | $2,809.00 (1st & last)    Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $0.00    Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $2,809.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $26,552.13 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | (2) 2004 International Trucks |
| EQUIPMENT LOCATION: | Wilson, NC (as better described on the Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:    ___FMV    ___$1.00 Purchase Option    _X__Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| | |
|---|---|
| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
| _____ Authorized Signature | _____ Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) Director of Contract Admin. |
| Chief Financial Officer | |
| Its (Title) | Its (Title)    (Rev 04-1-04) |

SCHEDULE A
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224736-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $203,203.42 |
| ADVANCE RENTALS, IF ANY: | $3,816.00 (1st & last)    Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00    Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $3,816.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $36,067.68 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | 1264 Rogator System, Blender System |
| EQUIPMENT LOCATION: | Washington C.H., OH – Circleville, OH (as better described on the Acceptance Certificate) |
| PURCHASE OPTION WITH RESPECT TO EQUIPMENT: | ___FMV ___$1.00 Purchase Option __X__Other (describe below) |

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| | |
|---|---|
| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
| *[signature]* | *[signature]* |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | Director of Contract Admin. |
| | By (Typed or Printed Name) |
| Chief Financial Officer | |
| Its (Title) | Its (Title)    (Rev 04-1-04) |

**SCHEDULE A**
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

ORIGINAL

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224737-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $50,275.39 |
| ADVANCE RENTALS, IF ANY: | $944.00 (1st & last)   Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00   Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $944.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $8,922.96 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | Toolbars and Frames, Wrangler Loader |
| EQUIPMENT LOCATION: | Riga, MI – Ann Arbor, MI (as better described on the Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:   ___FMV   ___$1.00 Purchase Option   _X_Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
|---|---|
| _/s/_ | _/s/ Susan Yates_ |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) |
| Chief Financial Officer | Director of Contract Admin |
| Its (Title) | Its (Title)   (Rev 04-1-04) |

## SCHEDULE A
### DATED AS OF March 31, 2004
### TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

| | |
|---|---|
| **TRANSACTION DESCRIPTION:** | Sale of Equipment Schedule No. 224741-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| **PURCHASE PRICE:** | $19,919.64 |
| **ADVANCE RENTALS, IF ANY:** | $374.00 (1st & last)    Sold/Assigned to Purchaser: ____Yes __X__No |
| **SECURITY DEPOSIT, IF ANY:** | $0.00    Sold/Assigned to Purchaser: ____Yes __X__No |
| **PURCHASED RENTS & TERM:** | $374.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $3,537.03 on April 1, 2009. |
| **CLOSING DATE:** | March 31, 2004 |
| **LEASE:** | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| **PRESENT VALUE RATE:** | 8.75% in arrears |
| **EQUIPMENT DESCRIPTION:** | Spreaders |
| **EQUIPMENT LOCATION:** | Wheatland, IN (as better described on the Acceptance Certificate) |
| **PURCHASE OPTION WITH RESPECT TO EQUIPMENT:** | ___FMV ___$1.00 Purchase Option __X__Other (describe below) |

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| | |
|---|---|
| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
| _____ | _____ |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) Director of Contract Admin. |
| Chief Financial Officer | |
| Its (Title) | Its (Title)    (Rev 04-1-04) |

SCHEDULE A
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

ORIGINAL

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224742-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $87,077.89 |
| ADVANCE RENTALS, IF ANY: | $1,635.00 (1st & last)    Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00    Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $1,635.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $15,456.57 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | Fertilizers, Loader, Mixing Machine, Blender, Lift Truck |
| EQUIPMENT LOCATION: | Williamston, NC – Wilson, NC – Vanceboro, NC – Plymouth, NC – Pantego, NC – Tarboro, NC (as better described on the Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:    ___FMV  ___$1.00 Purchase Option  _X_Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| | |
|---|---|
| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
| _____ Authorized Signature | _____ Authorized Signature |
| Kimberly S. Smith By (Typed or Printed Name) | _____ By (Typed or Printed Name) |
| Chief Financial Officer Its (Title) | _____ Its (Title)    (Rev 04-1-04) |

## SCHEDULE A
### DATED AS OF March 31, 2004
### TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

**ORIGINAL**

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224743-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $17,095.86 |
| ADVANCE RENTALS, IF ANY: | $321.00 (1st & last)   Sold/Assigned to Purchaser: ___Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00   Sold/Assigned to Purchaser: ___Yes __X__No |
| PURCHASED RENTS & TERM: | $321.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $3,034.33 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | Lift Truck |
| EQUIPMENT LOCATION: | West Pointe, VA (as better described on the Acceptance Certificate) |
| PURCHASE OPTION WITH RESPECT TO EQUIPMENT: | ___FMV ___$1.00 Purchase Option __X__Other (describe below) |

**SPECIAL TERMS:** The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

**SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT:** This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

| | |
|---|---|
| SELLER, VISION FINANCIAL GROUP, LLC: | PURCHASER, IFC CREDIT CORPORATION: |
| _[signature]_ | _[signature]_ |
| Authorized Signature | Authorized Signature |
| Kimberly S. Smith | Susan M. Yates |
| By (Typed or Printed Name) | By (Typed or Printed Name) Director of Contract Admin |
| Chief Financial Officer | |
| Its (Title) | Its (Title)   (Rev 04-1-04) |

SCHEDULE A
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

ORIGINAL

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224744-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $31,318.04 |
| ADVANCE RENTALS, IF ANY: | $588.00 (1st & last)   Sold/Assigned to Purchaser: ____Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00   Sold/Assigned to Purchaser: ____Yes __X__No |
| PURCHASED RENTS & TERM: | $588.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $5,561.72 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | 20 Lift Trucks |
| EQUIPMENT LOCATION: | Dothan, AL – Robertsdale, AL (as better described on the Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:   ___FMV   ___$1.00 Purchase Option   _X_Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

SELLER, VISION FINANCIAL GROUP, LLC:

_____
Authorized Signature

Kimberly S. Smith
By (Typed or Printed Name)

Chief Financial Officer
Its (Title)

PURCHASER, IFC CREDIT CORPORATION:

_____
Authorized Signature

Susan M. Yates
By (Typed or Printed Name)
Director of Contract Admin.

_____
Its (Title)                    (Rev 04-1-04)

SCHEDULE A
DATED AS OF March 31, 2004
TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT
dated as of March 31, 2004
between VISION FINANCIAL GROUP, LLC (as "Seller")
and IFC CREDIT CORPORATION (as "Purchaser")

ORIGINAL

| | |
|---|---|
| TRANSACTION DESCRIPTION: | Sale of Equipment Schedule No. 224745-01 ("Lease"), Payments, and Equipment thereunder, including Title |
| PURCHASE PRICE: | $19,010.87 |
| ADVANCE RENTALS, IF ANY: | $357.00 (1st & last)    Sold/Assigned to Purchaser: ____Yes __X__No |
| SECURITY DEPOSIT, IF ANY: | $ 0.00    Sold/Assigned to Purchaser: ____Yes __X__No |
| PURCHASED RENTS & TERM: | $357.00 per month for 58 months, beginning May 1, 2004, through February 1, 2009, followed by 1 (minimum guaranteed residual) payment of $3,371.10 on April 1, 2009. |
| CLOSING DATE: | March 31, 2004 |
| LEASE: | Lease No. 2247 dated December 23, 2002, between Seller, as Lessor, and as Lessee. |
| PRESENT VALUE RATE: | 8.75% in arrears |
| EQUIPMENT DESCRIPTION: | Row Crop Spreaders |
| EQUIPMENT LOCATION: | Jessup, GA (as better described on the Acceptance Certificate) |

PURCHASE OPTION WITH RESPECT TO EQUIPMENT:   ___FMV  ___$1.00 Purchase Option  _X_Other (describe below)

SPECIAL TERMS: The following additional terms and conditions shall be applicable to and shall constitute a part of this Exhibit. Purchaser shall remarket the Equipment on a non-discriminatory basis before, on or after the expiration of the initial term or any renewal or holdover term of the Lease ("Lease Term"). Promptly after receipt of notice from Lessee of its intended termination of the Lease, effective before, on or after the expiration of the Lease Term, Purchaser shall notify Seller in writing of such notice from Lessee, which notice shall specify the date of intended lease termination. In the event that Seller shall receive said notice from Lessee, then Seller shall promptly send Purchaser a copy thereof. Purchaser shall use its reasonable best efforts to remarket the Equipment by either (a) re-leasing the Equipment to Lessee per the terms of the Lease, (b) selling the Equipment to Lessee per the terms of the Lease or any Purchase Option of Lessee thereunder, or (c) selling the Equipment to another person or entity who would purchase the Equipment for more than the Lessee is willing to pay for the Equipment. Upon Purchaser's realization of residual proceeds, whether it be by renewal or re-lease, sale, early termination or termination after the Lease Term of the Lease, Purchaser shall be first entitled to reimbursement of any and all reasonable and customary costs of repossession and remarketing of the Equipment plus the first seventeen (17%) percent of the net residual proceeds. For any net proceed amounts realized in excess of the amounts first due to Purchaser, such proceeds shall be equally split (50%-50%) between Purchaser and Seller.

SCHEDULE A TO SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT: This Schedule is issued pursuant to the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT identified above. All of the terms, conditions, and representations of the SALE OF LEASE, RENTS AND EQUIPMENT AGREEMENT are hereby incorporated herein and made a part hereof as if they were expressly set forth in this Addendum.

SELLER, VISION FINANCIAL GROUP, LLC:

_____
Authorized Signature

Kimberly S. Smith
By (Typed or Printed Name)

Chief Financial Officer
Its (Title)

PURCHASER, IFC CREDIT CORPORATION:

_____
Authorized Signature

Susan M. Yates
By (Typed or Printed Name)

Director of Contract Admin.
Its (Title)                        (Rev 04-1-04)



## SALE OF LEASE, RENTS, AND EQUIPMENT
## WITHOUT RECOURSE

This Sale of Lease, Rents and Equipment Without Recourse Agreement (this "Agreement") dated as of March 31, 2004, is between IFC Credit Corporation, an Illinois corporation located at 8700 Waukegan Road, Suite 100, Morton Grove, Illinois 60053 (together with its successors and assigns, collectively, "Purchaser") and Vision Financial Group, Inc., a Pennsylvania corporation located at The Pennsylvanian, 1100 Liberty Avenue, Pittsburgh, Pennsylvania 15222 ("Seller").

FOR AND IN CONSIDERATION of payment of the Purchase Price as listed on a Schedule A hereto, by Purchaser to Seller, the receipt and sufficiency of which is hereby acknowledged, Seller hereby sells, conveys, assigns, transfers, and sets over unto Purchaser, subject to the terms and conditions herein, all of Seller's right, title, and interest as lessor in, to and under the lease of equipment to the lessee ("Lessee") under the Equipment Schedule or Schedules under that certain Master Lease Agreement No. 2247, dated December 23, 2002, between Royster-Clark Resources, LLC, as Lessee, and Vision Financial Group, Inc., as Lessor, including the rents and under the terms, including any residual sharing or other special terms as described on each and every Schedule A that may be executed by and between Purchaser and Seller on or after the date hereof in the general form and substance as attached hereto, (the "Lease" or "Leases" or collectively referred to herein as the "Lease"), and all other documentation in the possession of Seller with respect to the Lease, including any guaranty of the Lease, WITHOUT RECOURSE of any nature whatsoever against Seller by reason of any breach of the Lease by the Lessee, or otherwise; Seller hereby further sells, conveys, assigns, transfers, and sets over unto Purchaser all of the Seller's right, title and interest in and to all of the equipment leased under the Lease (including any and all residuals and renewals) (each individually and collectively, the "Equipment") under the terms and conditions herein. Purchaser acknowledges that Seller makes no representations or warranty with respect to the financial ability of the Lessee to make payments required under the Lease and shall not be liable to Purchaser for any failure of the Lessee to make such payments except (i) as a result of a breach of any representation, warranty or covenant made by the Seller, or (ii) as expressly provided in this Agreement.

Seller expressly agrees and acknowledges that this sale of the Lease includes all the rental and residual payments and other amounts due, or to become due, under the Lease and the purchase option or purchase agreement relating thereto, beginning with the rental payment due as of the date of this Agreement ("Effective Date"). Rental and residual payments, including additional rent and other amounts due, or to become due, under the Lease and any purchase option or purchase agreement relating thereto, commencing after the Effective Date, are to be paid directly to Purchaser. Seller further acknowledges that Purchaser is entitled to keep same.

Seller shall notify the Lessee in writing, that all future rental and residual payments, including additional rent and other amounts due, or to become due under the Lease and any purchase option or purchase agreement relating thereto, beginning with the rental payment due on the Effective Date, are to be paid directly to Purchaser. Seller shall provide Purchaser with evidence of such notice.

1

Covenants of Seller.

Seller agrees to execute and deliver any and all papers or documents which Purchaser may request from time to time in order to carry out the purposes hereof, or to facilitate the collection of monies due or to become due from the Lessee or guarantor under the Lease. For the purpose of convenience, speed and without further need for authorization to do so, Seller agrees that Purchaser may in Seller's name endorse all remittances received by Purchaser to which it is entitled, and that Purchaser may, if it desires, notify the Lessee and others of this sale. Seller shall have no authority to, and will not, without Purchaser's prior written consent, accept payments of rents, repossess, or consent to the return of the Equipment described in the Lease or modify the terms thereof or of any accompanying guaranty. In the event Seller receives any payment due to Purchaser under this Agreement, Seller shall immediately forward such payment, in the form received, but endorsed without recourse in favor solely of Purchaser, to Purchaser via overnight delivery within forty-eight hours of receipt of said payment. Seller agrees that Purchaser is authorized to file UCC financing statements or amendments thereto without the Seller's signature with respect to the Lease and Equipment, and if Seller's signature is required thereon by law, Seller appoints Purchaser as its attorney-in-fact to execute and file any such financing statements. Seller further agrees to reimburse Purchaser for the expense of filing such financing statements. Purchaser's knowledge at any time of any breach of or non-compliance with any of the foregoing shall not constitute any waiver by Purchaser. Waiver of any single default hereunder shall not constitute a waiver of any other default. Purchaser waives notice of acceptance hereof.

Representations and Warranties of Seller.

Seller represents and warrants that: (i) Seller is the owner of the Lease and the Equipment leased thereunder and has not caused to be placed on the Lease or Equipment any liens and/or encumbrances except the Lease; (ii) the Lease is the only instrument executed by the Lessee and Seller concerning the Equipment subject thereto and is genuine and enforceable in all respects; (iii) the Lease has been validly executed by the Lessee and any guarantors thereof; (iv) and the Lease is free from defenses, set offs and counterclaims; (v) all necessary signatures, names, and addresses, and rent amounts set forth in the Lease are true and correct; (vi) Lessee is in default of any of its obligations under the Lease; (vii) the aggregate unpaid rents and residuals shown on Schedule A for the Lease is correct; (viii) the Equipment has been delivered to the Lessee under the terms of the Lease on the date set forth in the Lease in satisfactory condition, installed and has been accepted unconditionally by the Lessee and is in good working order; (ix) unless otherwise indicated to Purchaser in writing from the Seller, the Equipment was new when delivered to the Lessee under the Lease subject thereto and is correctly described in the Lease; (x) the Lease transaction conforms to all applicable laws and regulations; (xi) the Lease constitutes a valid reservation of unencumbered title to or first lien upon or security interest in the Equipment in favor of Purchaser covered thereby, effective against all persons; (xii) if filing, recordation, or any other action or procedure is permitted or required by statute or regulation to perfect such reservation of title or lien or security interest, the same has been accomplished; (xiii) Seller is a corporation duly organized, validly existing and in good standing under the laws of its state of its incorporation; (xiv) there are no pending or threatened actions or proceedings before any court or administrative agency that could have a material adverse effect on Seller or its ability to transfer title to the Lease and the Equipment or a first priority security interest therein; (xv) Seller has paid all sales, use, and personal property taxes, which are due through the Effective Date, to the appropriate taxing jurisdictions in connection with the Equipment or Lease or the sale thereof hereunder; and (xvi) Seller has delivered any and all agreements, which are all original agreements including the original Lease or certified copies of the Master Lease Agreement, executed in connection with the Lease on or prior to the Effective Date.

Remedies.

If Seller shall breach any representation, warranty, or covenant in this Agreement, and such breach remains uncured for thirty days after Purchaser has served Seller with written notice thereof as provided in

2

this Agreement, Seller agrees, within fourteen days after Seller's receipt of such notice, to repurchase and reassume the Lease pursuant to the terms and conditions described in the following two paragraphs (a "Repurchase"). Purchaser's knowledge of any breach of any of the foregoing at the time of purchase and assumption of the Lease shall neither impair its right to fully enforce, nor constitute any waiver of, any of Seller's obligations unless Purchaser has executed a written waiver with respect thereto.

The repurchase price (the "Repurchase Price") applicable to a Repurchase shall be the sum of (A) the past due installments of the payment stream with respect to the Lease as of the date the Lease is actually repurchased by Seller, and (B) the present value of the future installments of such payment stream and residuals to the date actually repurchased by Seller discounted at the applicable present value discount rate that such Lease was sold to Seller. If the Repurchase Price is not received by Purchaser within five business days of receipt of such notice of Repurchase, Seller acknowledges and agrees that Purchaser may exercise its rights and remedies under applicable law, including deducting such Repurchase Price from the proceeds of the sale on any subsequent closing.

Until such time as Seller has made payment in full to Purchaser of the Repurchase Price as provided above, Purchaser may liquidate the Lease, and Seller shall remain liable for any deficiencies with respect thereto including reasonable out-of-pocket expenses incurred in the liquidation thereof after written notice to Seller of such liquidation. Purchaser may sell at public or private sale any repossessed Equipment (and also, in default of prompt Repurchase, the Lease) for cash or on credit and only the net cash collected by Purchaser shall be creditable in computing the Repurchase Price payable by the Seller hereunder.

Miscellaneous.

A. Assignment. Seller shall not assign or otherwise transfer any of its rights in, or delegate any of its obligations under, this Agreement without Purchaser's prior written consent (which consent Purchaser may withhold in its reasonable discretion). Purchaser may assign any or all of its rights and obligations with respect to the Lease or the related Equipment or its rights hereunder, without Seller's consent.

B. Notices. Any notice required by this Agreement shall be in writing and mailed by certified mail, return receipt requested, or delivered by any national overnight carrier service to the other party, at its address listed above or such other address as the other party may designate in writing, and served upon the other party as provided herein. Any notice given hereunder shall be deemed given upon the earlier of (a) the date of actual receipt or (b) the date a return receipt (or refusal) is dated by the U.S. Postal Service or such other overnight carrier.

C. Survival. Upon Purchaser's acceptance hereof, this Agreement shall constitute an agreement between the parties hereto which shall inure to and bind the respective successors and assigns of Seller and Purchaser.

D. Amendments. This Agreement shall not be modified, amended or terminated except by a writing duly signed by both parties.

E. No Agency. Seller has not been appointed and shall not act as Purchaser's agent for any purpose.

F. Captions. The captions used herein are inserted for reference purposes only and shall not affect the meaning, interpretation or construction of this Agreement.

G. Attorney Fees. In the event of any dispute, breach or litigation regarding this Agreement, the prevailing party will be entitled to recover from the other party all of the prevailing party's reasonable

3

# Daniel S. Hill

| | |
|---|---|
| From: | Allen P. Walker [apwalker@greeneandletts.com] |
| Sent: | Tuesday, March 11, 2008 2:34 PM |
| To: | Dhill@stotis-baird.com |
| Cc: | dorisr@sasichgo.com |
| Subject: | Specialized Assistance Services 5720-5758 Halsted |

Dan:

As indicated in my email of December 13, 2007, the Alderman in whose ward the property at 5720-5758 S. Halsted, Chicago, Illinois sits has not and at this point has indicated that she will not support and/ or approve my client's use of the Property. Further, it appears that notwithstanding your client's efforts, the Alderman's decision has not changed. In light of this and in as much as we notified you of her lack of consent within the extended Suitability Period, we are requesting that your client refund the earnest money. Please contact me so that we can arrange for its return.

Allen P. Walker
Greene and Letts
111 W. Washington
Suite 1650
Chicago, Illinois 60602
312-346-1100
312-346-4571
apwalker@greeneandletts.com

NOTICE: This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. §§ 2510-2521, is confidential and may be legally privileged (including attorney/client and/or attorney/work product privilege). If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.

IRS CIRCULAR 230 DISCLOSURE:
Any Federal tax advice contained herein is not written to be used for, and the recipient and any subsequent reader cannot use such advice for, the purpose of avoiding any penalties asserted under the Internal Revenue Code. If the foregoing contains Federal tax advice and is distributed to a person other than the addressee, each additional and subsequent reader hereof is notified that such advice should be considered to have been written to support the promotion or marketing of the transaction or matter addressed herein. In that event, each such reader should seek advice from an independent tax advisor with respect to the transaction or matter addressed herein based on the reader's particular circumstances.

**This E-mail (including attachments) is covered by the Electronic Communications Privacy Act, 18 U.S.C. section 2510-2521, is confidential and may be legally privileged (including attorney/client and/or attorney/work product privilege). If you are not the intended recipient, you are hereby notified that any retention, dissemination, distribution, or copying of this communication is strictly prohibited. Please reply to the sender that you have received the message in error, then delete it. Thank you.**