**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **IFC CREDIT CORPORATION,** an Illinois Corporation, <br><br> Plaintiff. <br><br> v. <br><br> **MANUFACTURERS' LEASE PLANS INC.** <br><br> Defendant/Third-Party Plaintiff, <br><br> **VISION FINANCIAL GROUP, INC.** <br><br> Third-Party Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> **CASE NO.   07-CV-6627** |

**AMENDED ANSWER OF MANUFACTURERS' LEASE PLANS INC.**
**TO COUNTERCLAIM OF VISION FINANCIAL GROUP, INC.**

**COMES NOW**, MANUFACTURERS' LEASE PLANS INC. (hereinafter "MLPI"), and files its Answer to the Counterclaim of Vision Financial Group, Inc. ("Vision"), numbered 13 through 22, as follows:

13. The averments of MLPI's Third Party Complaint and the responses thereto of Vision are incorporated herein by reference as if set forth in their entirety.

**ANSWER**:   No response required as this paragraph incorporates information by reference.

14. As set forth above, IFC sold and assigned the Initial Assignment Agreement and its interests in the Equipment Schedules to MLPI.  As the Assignee of the Initial Assignment Agreement, MLPI is subject to the same terms and conditions set forth thereunder as IFC, the original assignee.

**ANSWER**:   Denied.

15. Under the terms of the Initial Assignment Agreement and Equipment Schedules, Vision retained an ownership interest in fifty percent of the residual proceeds of the leases after payment to IFC of a) its reasonable and customary costs of repossession and remarketing of the leased equipment, and b) 17% of the net residual proceeds. (See Exhibit A attached hereto).

**ANSWER**: Insofar as paragraph 15 of the counterclaim asserts a claim by Vision to have retained an ownership interest in the leases or in any proceeds derived from the equipment or the leases, Defendant/Third-Party Plaintiff denies the same. In all other respects, Defendant/Third-Party Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 15 of the counterclaim and therefore, must deny them.

16. The Initial Assignment Agreement provides for the recovery of the prevailing party's reasonable costs and expenses, including reasonable paralegal and attorneys' fees, and court costs incurred in enforcing the same. (See Exhibit A, a copy attached hereto).

**ANSWER**: Defendant/Third-Party Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 16 of the counterclaim and therefore, must deny them. Further, Defendant/Third-Party Plaintiff denies that it is in any way bound by the alleged Initial Assignment Agreement or that such alleged agreement imposes any obligations upon Defendant/Third-Party Plaintiff or gives any other party rights against Defendant/Third-Party Plaintiff.

17. As of the date hereof, despite demands by Vision for the turnover of the residual proceeds owned by Vision, MLPI has failed and refused to turnover the same.

**ANSWER**: Denied.

18.    The Initial Assignment Agreement is a binding agreement between Vision and MLPI, the assignor of IFC.

**ANSWER**:    Denied.


## COUNT I – BREACH OF CONTRACT

20.    MLPI is in breach of the Initial Assignment Agreement due to its failure to turnover to Vision the residual proceeds owned by Vision.

**ANSWER**:    Denied.


21.    As a result of the breach, Vision has sustained damages in the approximate amount of $74,331.54 as a result of MLPI's failure to remit to Vision the residual proceeds owned by Vision, and will continue to incur further damages as additional residual proceeds owned by Vision are collected by MLPI.

**ANSWER**:    Defendant/Third-Party Plaintiff denies that it has in any way caused Vision to sustain loss or damage.  In all other respects, it is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 21 of the counterclaim and therefore, must deny them.

22.    Vision has incurred attorney's fees and costs in connection with this action.

**ANSWER**:    Defendant/Third-Party Plaintiff is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 22 of the counterclaim and therefore, must deny them.

**AFFIRMATIVE DEFENSES**

Without intending to admit any matter not hereinabove expressly admitted but solely by way of affirmative defense, Defendant/Third-Party Plaintiff asserts the following Affirmative Defenses and states:

1. Vision's counterclaim fails to state a claim upon which relief may be granted.

2. The allegations herein, and each and every cause of action contained in the counterclaim, are barred by reason of acts, omissions, representations and courses of conduct by Vision, on which MLPI was led to rely to their detriment, thereby barring any causes of action asserted by Vision under the doctrine of equitable estoppel.

3. Vision was engaged in conduct that constitutes a waiver of their rights under the agreement alleged in the counterclaim. By reason of said waiver, MLPI is excused from further performance of the obligations under the alleged agreement.

4. Vision has failed to mitigate and lessen damages, if any were sustained, as required by law, and Vision is barred from recovery against MLPI by reason thereof.

5. If there presently exists or ever existed, any or all of the alleged rights, claims or obligations which Vision seeks by way of their counterclaim, said claims or obligations are unenforceable because the referenced written agreement is not fully integrated.

6.      Defendant/Third-Party Plaintiff MLPI reserves the right to further amend its pleadings to assert additional matters of affirmative defense against Vision's claims, as and when such matters are determined through discovery.

**WHEREFORE**, MANUFACTURERS' LEASE PLANS INC. prays that the relief requested by VISION FINANCIAL GROUP, INC. is denied, that VISION FINANCIAL GROUP, INC. take nothing by its Counterclaim, and that MANUFACTURERS' LEASE PLANS INC. is able to recover costs of suit herein incurred, and for such other relief as the court may deem just and proper.

Respectfully Submitted,

MANUFACTURER'S LEASE PLANS, INC.

By:   /s/  Maysoun Iqal
        Maysoun Iqal

Patricia E. Rademacher
Maysoun B. Iqal, 005855
Coston & Rademacher
105 W. Adams, Suite 1400
Chicago, IL 60603
Telephone:  (312) 205-1010

**CERTIFICATE OF SERVICE**

      I, Maysoun B. Iqal, an attorney, certify that I served a copy of this Certificate of Service and attached Amended Answer to Counterclaim of Vision Financial Group, Inc. via First Class mail and electronic delivery via the ECF system to:

Roger M. Bould
11th Floor Federated Investors Tower
1001 Liberty Avenue
Pittsburgh, PA  15222

Eric J. Parker
200 West Jackson Boulevard
Suite 1050
Chicago, IL  60606

Beth Anne Alcantar
IFC Credit Corporation
8700 Waukegan Road, Suite 100
Morton Grove, Illinois  60053

by filing such documents electronically via the ECF system and causing said documents to be placed into a properly addressed envelope and depositing the same in the U.S. Mail depository at 105 W. Adams, Chicago, Illinois  60603, with proper postage prepaid, at or before 5:00 p.m. on April 18th, 2008.


MANUFACTURERS' LEASE PLANS INC.


By:    /s/  Maysoun Iqal
       Maysoun Iqal


Patricia E. Rademacher
Maysoun B. Iqal, 005855
Coston & Rademacher
105 W. Adams, Suite 1400
Chicago, IL 60603
Telephone:  (312) 205-1010